```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION

LAURA E. HENSON, as Power
of Attorney for and on behalf
of BARBARA J. SIMON                                      PLAINTIFF

      v.                      Case No. 2:13-CV-2018

CAPITAL SENIORCARE VENTURES, LLC;
COLUMN GUARANTEED, LLC; SLC PROPERTIES, LLC;
SLC PROPERTY HOLDINGS, LLC;  SLC PROPERTY
INVESTORS, LLC; EOR-ARK, LLC; VAJ, LLC;
SLC OPERATIONS MASTER TENANT, LLC;
SLC OPERATIONS HOLDINGS, LLC; SENIOR LIVING
COMMUNITIES OF ARKANSAS, LLC; SLC PROFESSIONAL
HOLDINGS, LLC; SLC PROFESSIONALS, LLC;
SENIOR VANTAGE POINT, LLC; ADDIT, LLC;
QUALITY REVIEW, LLC; JOHN W. DWYER; CAPITAL
FUNDING GROUP, INC.; CAPITAL FUNDING, LLC;
CSCV HOLDINGS, LLC; ARKANSAS SNF OPERATIONS
ACQUISITION, LLC; ARKANSAS NURSING HOME
ACQUISITION, LLC; CAPITAL FINANCE, LLC;
LANA ROGERS, in her capacity as Administrator
of Pointer Trail Health and Rehabilitation, LLC;
JOHN DOES 1-5; UNKNOWN DEFENDANTS; POINTER
TRAIL HEALTH AND REHABILITATION; POINTER TRAIL
HOLDINGS, LLC                                           DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff's Motion to Remand (Doc. 38) and supporting Memorandum Brief (Doc. 39), Defendants' (except Column Guaranteed LLC, hereinafter "Defendants") Response (Doc. 45), Plaintiff's Reply (Doc. 47), Plaintiff's Notice of Supplemental Authority (Doc. 50), and Defendants' Response to Notice of Supplemental Authority (Doc. 53).  For the reasons reflected herein, Plaintiff's Motion to Remand (Doc. 38)

is **GRANTED in part and DENIED in part**, and this case is remanded to the Circuit Court of Crawford County, Arkansas.

I.  Background

On November 29, 2012, Plaintiff filed her complaint in the Circuit Court of Crawford County, Arkansas, alleging negligence, medical malpractice, common law civil conspiracy, violations of certain Arkansas statutes protecting the rights of nursing home residents, and separate claims of negligence against the individual Defendants, who were the Administrators of the facilities.  (See Doc. 5 ¶¶ 57-143).

On January 18, 2013, Defendants jointly filed a Notice of Removal (Doc. 1) claiming entitlement to removal under 28 U.S.C. § 1331 and 1441(b) alleging Plaintiff's state law civil conspiracy claim raised a stated federal issue.  Defendants argued Plaintiff's civil conspiracy claim alleged Defendants conspired to defraud HUD, Medicare, and Medicaid.  Defendants argued that because Plaintiff must prove an underlying wrongful act to establish a civil conspiracy, she must prove that the Defendants violated Federal laws and regulations regarding HUD financing, Medicare, and/or Medicaid and therefore her claim for civil conspiracy necessarily raised a stated federal issue.

On February 6, 2013, Plaintiff moved to remand the case to state court arguing jurisdiction is lacking under 28 U.S.C. § 1331 because no federal question is presented in Plaintiff's

properly-pleaded civil conspiracy claim, and federal question jurisdiction is not created merely by mentioning Federal programs or agencies in a pleading. Should the Court find a federal question, Plaintiff alternatively moved for the Court to sever and remand all other claims. Plaintiff also moved for an award of reasonable attorneys' fees and costs, and a hearing on her motion to remand.

**II.  Discussion**

"[F]ederal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). The exercise of subject-matter jurisdiction over state law claims "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

Defendants specifically argued that their alleged wrongful conduct under Federal statutes and regulations constitutes an essential element of Plaintiff's state law civil conspiracy claim. Defendants contend that in order for Plaintiff to prove her civil conspiracy claim she is required to prove violations of certain federal statute and regulations. Plaintiff argued that the referenced paragraphs, two out of the nearly 150 paragraphs comprising her complaint, merely outline the manner

in which the Defendants funded the purchase and operation of their facilities, not that the funding itself was a violation of federal statutes and regulations. (Doc. 39 at 6). Plaintiff argues the references to HUD, Medicare, and Medicaid cannot be fairly read to raise a question regarding compliance with federal law.

The Court finds that the plain language of the civil conspiracy claim does not allege any improper obtaining of funds from HUD, Medicaid, and Medicare programs. Instead, the alleged wrongful conduct in the civil conspiracy claim is the intentional conspiracy to structure and funnel proceeds for operations and patient care into lease and fee arrangements with various affiliated entities, with knowledge that this would leave insufficient operating funds, foreseeably resulting in injuries. "The substantive measure of Defendants' allegedly wrongful conduct will turn on what Defendants did with the federal money and why, not how they got it." *Slater v. Capital SeniorCare Ventures, LLC, et al.*, No. 5:12-cv-00447-DPM (E.D. Ark. April 4, 2013) (*citing Compare Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 551 (8th Cir. 1996). The fact that Defendants obtained federal funding is incidental to the civil conspiracy claim; no contested or substantial federal issue arises from the same.

Resolving all doubts in favor of remand to preserve the congressionally approved balance of federal and state judicial responsibilities, any federal issues present are not disputed enough or substantial enough to support federal question jurisdiction. *Slater*, 5:12-cv-00447-DPM, at 2. (*citing Central Iowa Power Co-op. v. Midwest Independent Transmission Cooperative*, 561 F3d 904, 912 (8th Cir. 2009).

**III. Conclusion**

Plaintiff's Motion to Remand (Doc. 38) is **GRANTED in part and DENIED in part.** Plaintiff's request to have this case remanded is **GRANTED**, Plaintiff's request for a hearing on her motion to remand is **DENIED as moot,** and Plaintiff's request for attorney fees and costs in pursuit of this motion is **DENIED.** Separate Defendant Column Guaranteed, LLC's Motion to Dismiss (Doc. 7) remains pending for the State court to resolve. This case shall be remanded forthwith to the Circuit Court of Crawford County, Arkansas.

**IT IS SO ORDERED** this 2nd day of May, 2013.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge